1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JOHN NGUYEN,

11                  Petitioner,                    No. 2:12-cv-1357 LKK CKD P

12          vs.

13    RICK HILL,                                   ORDER AND

14                  Respondent.                    FINDINGS AND RECOMMENDATIONS

15    _____/

16          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17    habeas corpus pursuant to 28 U.S.C. § 2254.  He is serving a sentence of life imprisonment with

18    the possibility of parole in addition to a determinate three year term.  These sentences were

19    imposed in 2002 after petitioner was found guilty of several crimes including attempted murder,

20    torture, aggravated mayhem, first degree burglary and arson.

21          In this action, petitioner challenges a 2010 prisoner disciplinary proceedings

22    finding that he engaged in "behavior which could lead to violence."[1]  As a result of the finding,

23    /////

24    _____

25          [1] Essentially, the hearing officer found that petitioner became involved in an argument
      with another inmate which led to pushing and shoving.  The incident ended when other inmates
26    separated the two.

1   petitioner was placed in "Privilege Group C"[2] for 30 days.  He asserts the finding is not

2   supported by Constitutionally sufficient evidence.  Respondent has filed a motion to dismiss.

3          The court shall entertain an application for writ of habeas corpus by a state

4   prisoner only if it is alleged that the prisoner is in custody in violation of federal law.  28 U.S.C.

5   § 2254(a).  In a federal habeas proceeding, a state prisoner can challenge the fact that he is

6   confined or the duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

7   Petitioner fails to specifically allege he is in custody in violation of federal law or directly

8   challenge the length of his sentence.  In his opposition to respondent's motion to dismiss,

9   however, petitioner asserts the disciplinary finding at issue impacts the duration of his

10  confinement because the finding could be used by his next parole hearing panel as at least a

11  partial basis to deny petitioner parole.

12         Respondent presents two arguments in favor of dismissal.  In one argument,

13  respondent argues that the court does not have jurisdiction to hear petitioner's challenge because

14  success would not affect the fact that petitioner is incarcerated or sufficiently effect his sentence.

15         The Supreme Court has recently clarified that "[w]hen a prisoner's claim would

16  not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and

17  may be brought, if at all, under [42 U.S.C.] § 1983.  Skinner v. Switzer, 131 S. Ct. 1289, 1299

18  n.13 (2011) quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005).  See Skinner, 131 S. Ct. at

19  1299 (majority notes Supreme Court has never recognized a writ of habeas corpus as an available

20  remedy where the relief sought would neither terminate custody, accelerate the future release

21  date, nor reduce the level of custody); Spencer v. Kemna, 523 U.S. 1,14 (1998) (fact that parole

22  revocation could be used against habeas petitioner at future parole hearing was not a sufficient

23  /////

24

25         [2]  The consequences of demotion to "Privilege Group C" are not clear from the record.
    From past experience, the court assumes petitioner received reduced inmate privileges such as
26  the ability to make phone calls, buy items at the inmate commissary and visitation.

                                                    2

1  collateral consequence to save habeas petition from dismissal after petitioner was no longer in

2  custody for the parole revocation itself).[3]

3         From the record, it appears petitioner has already had a parole hearing. Pet. at 3-

4  4.  Whether petitioner will be paroled at his next parole hearing[3] turns not on his disciplinary

5  record while in prison, but whether, generally speaking, he poses a threat to public safety.  In re

6  Lawrence, 44 Cal.4th 1181, 1210-11 (2008).  Under Cal. Code Reges. tit. 15, § 2281, the Board

7  of Prison Terms analyzes numerous factors in determining whether a potential parolee poses a

8  threat to public safety and the Board's discretion in parole matters is "great" and "almost

9  unlimited."  Lawrence, 44 Cal.4th at 1024.

10        Considering the wide discretion afforded the Board and the multitude of factors

11  the Board can consider, the court cannot find that expungement of the disciplinary findings at

12  issue in this case would "necessarily spell speedier release" for petitioner.  Furthermore, even if it

13  were possible for a habeas petitioner to produce evidence indicating a prisoner disciplinary

14  proceedings finding is the single fact which tips the balance in favor of the parole board finding

15  that a petitioner poses a threat to public safety resulting in a denial of parole, petitioner has not

16  done so here considering the minor nature of the offense petitioner was found to have committed,

---

17
         [3]  In  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), the Ninth Circuit adopted
18  the position of the Seventh Circuit, without any further analysis, that habeas corpus jurisdiction
    exists when a petitioner seeks expungement of a disciplinary finding if expungement is merely
19  likely to accelerate parole.  The court assumes Skinner and Spencer implicitly overrule this
    portion of the Ninth Circuit's decision in Bostic.  Furthermore, the finding that the court has
20  jurisdiction to hear a challenge to a prison disciplinary hearing finding if expungement is simply
    "likely" to accelerate parole is not a reasonable interpretation of 28 U.S.C. § 2254(a) which, once
21  again, indicates this court can entertain an application for writ of habeas corpus by a state
    prisoner "only on the ground that he is in custody in violation of [federal law]."  What gives a
22  claim life under § 2254(a), then, is a clear allegation of unlawful imprisonment or length of
    imprisonment which the court remedies by release or a reduction in sentence, not an allegation
23  that a sentence is simply likely to become shorter if the claim is meritorious with the relief on
    such claim being something short of a direct order for reduction of sentence.  See Wilkinson, 544
24  U.S. at 85-86 (Scalia, J. concurring) (habeas relief mandating a new parole hearing which may or
    may not result in release is foreign to common law roots limiting only permissible relief in
25  habeas action to immediate release).

26        [3]  It is not clear when petitioner's next parole hearing will be.

1   the very serious nature of petitioner's convictions, and the relatively short period of time –

2   approximately ten years – petitioner has spent in prison following those convictions.

3           Respondent also argues that petitioner is not entitled to have this court review the

4   evidence presented at the disciplinary proceedings at issue.  The Supreme Court has found that

5   inmates have a liberty interest protected by the Due Process Clause of the Fourteenth

6   Amendment in earned good conduct sentence credit.  E.g. Superintendent v. Hill, 472 U.S. 445,

7   453 (1985).  That interest must be protected by the following procedures attendant to prison

8   disciplinary proceedings which result in the revocation of good conduct credit:

9           1)  Advance written notice of the charges;

10          2) An opportunity, when consistent with institutional safety and correctional

11  goals, to call witnesses and present documentary evidence in the inmate's defense;

12          3) A written statement by the fact-finder of the evidence relied on and the reasons

13  for the disciplinary action; and

14          4) That the findings of the prison disciplinary board be supported by some

15  evidence in the record.

16  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

17          The Supreme Court has never extended the "some evidence" requirement

18  identified above to prisoner disciplinary proceedings which did not result in an increased period

19  of incarceration.  Furthermore, the Court has specifically held it is not applicable with respect to

20  parole proceedings.  Swarthout v. Cooke, 131 S. Ct. 859, 862-63 (2011).  Any finding by this

21  court that petitioner is entitled to a review of the evidence presented at disciplinary proceedings

22  which did not directly affect the length of petitioner's sentence would be a clear departure from

23  Swarthout; it would not make much sense if the court were to find that the court can review the

24  evidence presented at prisoner disciplinary proceedings simply because the findings could be

25  used against the petitioner at a parole hearing when the evidence presented at the parole hearing

26  can not be reviewed.  Finally, the court notes that in Sandin v. Connor, 515 U.S. 472, 484 (1995),

4

1  the Supreme Court found in a 42 U.S.C. § 1983 action that prisoners are entitled to some

2  protection under the Due Process Clause from conditions of confinement amounting to "atypical

3  and significant hardship . . . in relation to the ordinary incidents of prison life."  Petitioner fails to

4  point to anything indicating that disciplinary finding at issue resulted in petitioner suffering

5  "atypical and significant hardship."  The Court also found that the possibility that a disciplinary

6  finding might be used against the plaintiff at parole proceedings was not a sufficient liberty

7  interest to require due process protection.  Id. at 487.  The Court noted that in Hawaii, as in

8  California, a disciplinary finding is only one of many things that can be considered at a parole

9  hearing, therefore "[t]he chance that a finding of misconduct will alter the balance is simply too

10  attenuated to invoke procedural guarantees of the Due Process Clause."  Id.

11       For all of the foregoing reasons, the court will recommend that respondent's

12  motion to dismiss be granted and that this case be closed.

13       Accordingly, IT IS HEREBY RECOMMENDED that:

14       1.  Respondent's motion to dismiss (Dkt. No. 10) be granted;

15       2.  Petitioner's application for writ of habeas corpus be dismissed; and

16       3.  This case is closed.

17       These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

19  days after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

22  may address whether a certificate of appealability should issue in the event he files an appeal of

23  the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

24  court must issue or deny a certificate of appealability when it enters a final order adverse to the

25  applicant).  Any reply to the objections shall be served and filed within fourteen days after

26  service of the objections.  The parties are advised that failure to file objections within the

1   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2   F.2d 1153 (9th Cir. 1991).

3   Dated: October 31, 2012

4                                                  _____

5                                                  CAROLYN K. DELANEY
                                                   UNITED STATES MAGISTRATE JUDGE
6

7

8

9
    1
10  nguy1357.157

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26