IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN NGUYEN,

    Petitioner,               No. 2:12-cv-1357 LKK CKD P

    vs.

RICK HILL,                        ORDER AND

    Respondent.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is serving a sentence of life imprisonment with the possibility of parole in addition to a determinate three year term. These sentences were imposed in 2002 after petitioner was found guilty of several crimes including attempted murder, torture, aggravated mayhem, first degree burglary and arson.

        In this action, petitioner challenges a 2010 prisoner disciplinary proceedings finding that he engaged in "behavior which could lead to violence."[1] As a result of the finding,

/////

---

[1] Essentially, the hearing officer found that petitioner became involved in an argument with another inmate which led to pushing and shoving. The incident ended when other inmates separated the two.

1

petitioner was placed in "Privilege Group C"[2] for 30 days.  He asserts the finding is not supported by Constitutionally sufficient evidence.  Respondent has filed a motion to dismiss.

The court shall entertain an application for writ of habeas corpus by a state prisoner only if it is alleged that the prisoner is in custody in violation of federal law.  28 U.S.C. § 2254(a).  In a federal habeas proceeding, a state prisoner can challenge the fact that he is confined or the duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  Petitioner fails to specifically allege he is in custody in violation of federal law or directly challenge the length of his sentence.  In his opposition to respondent's motion to dismiss, however, petitioner asserts the disciplinary finding at issue impacts the duration of his confinement because the finding could be used by his next parole hearing panel as at least a partial basis to deny petitioner parole.

Respondent presents two arguments in favor of dismissal.  In one argument, respondent argues that the court does not have jurisdiction to hear petitioner's challenge because success would not affect the fact that petitioner is incarcerated or sufficiently effect his sentence.

The Supreme Court has recently clarified that "[w]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under [42 U.S.C.] § 1983.  Skinner v. Switzer, 131 S. Ct. 1289, 1299 n.13 (2011) quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005).  See Skinner, 131 S. Ct. at 1299 (majority notes Supreme Court has never recognized a writ of habeas corpus as an available remedy where the relief sought would neither terminate custody, accelerate the future release date, nor reduce the level of custody); Spencer v. Kemna, 523 U.S. 1,14 (1998) (fact that parole revocation could be used against habeas petitioner at future parole hearing was not a sufficient

/////

---

[2] The consequences of demotion to "Privilege Group C" are not clear from the record. From past experience, the court assumes petitioner received reduced inmate privileges such as the ability to make phone calls, buy items at the inmate commissary and visitation.

collateral consequence to save habeas petition from dismissal after petitioner was no longer in custody for the parole revocation itself).[3]

From the record, it appears petitioner has already had a parole hearing. Pet. at 3-4. Whether petitioner will be paroled at his next parole hearing[3] turns not on his disciplinary record while in prison, but whether, generally speaking, he poses a threat to public safety. In re Lawrence, 44 Cal.4th 1181, 1210-11 (2008). Under Cal. Code Reges. tit. 15, § 2281, the Board of Prison Terms analyzes numerous factors in determining whether a potential parolee poses a threat to public safety and the Board's discretion in parole matters is "great" and "almost unlimited." Lawrence, 44 Cal.4th at 1024.

Considering the wide discretion afforded the Board and the multitude of factors the Board can consider, the court cannot find that expungement of the disciplinary findings at issue in this case would "necessarily spell speedier release" for petitioner. Furthermore, even if it were possible for a habeas petitioner to produce evidence indicating a prisoner disciplinary proceedings finding is the single fact which tips the balance in favor of the parole board finding that a petitioner poses a threat to public safety resulting in a denial of parole, petitioner has not done so here considering the minor nature of the offense petitioner was found to have committed,

---

[3] In Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), the Ninth Circuit adopted the position of the Seventh Circuit, without any further analysis, that habeas corpus jurisdiction exists when a petitioner seeks expungement of a disciplinary finding if expungement is merely likely to accelerate parole. The court assumes Skinner and Spencer implicitly overrule this portion of the Ninth Circuit's decision in Bostic. Furthermore, the finding that the court has jurisdiction to hear a challenge to a prison disciplinary hearing finding if expungement is simply "likely" to accelerate parole is not a reasonable interpretation of 28 U.S.C. § 2254(a) which, once again, indicates this court can entertain an application for writ of habeas corpus by a state prisoner "only on the ground that he is in custody in violation of [federal law]." What gives a claim life under § 2254(a), then, is a clear allegation of unlawful imprisonment or length of imprisonment which the court remedies by release or a reduction in sentence, not an allegation that a sentence is simply likely to become shorter if the claim is meritorious with the relief on such claim being something short of a direct order for reduction of sentence. See Wilkinson, 544 U.S. at 85-86 (Scalia, J. concurring) (habeas relief mandating a new parole hearing which may or may not result in release is foreign to common law roots limiting only permissible relief in habeas action to immediate release).

[3] It is not clear when petitioner's next parole hearing will be.

the very serious nature of petitioner's convictions, and the relatively short period of time – approximately ten years – petitioner has spent in prison following those convictions.

Respondent also argues that petitioner is not entitled to have this court review the evidence presented at the disciplinary proceedings at issue. The Supreme Court has found that inmates have a liberty interest protected by the Due Process Clause of the Fourteenth Amendment in earned good conduct sentence credit. E.g. Superintendent v. Hill, 472 U.S. 445, 453 (1985). That interest must be protected by the following procedures attendant to prison disciplinary proceedings which result in the revocation of good conduct credit:

1) Advance written notice of the charges;

2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in the inmate's defense;

3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and

4) That the findings of the prison disciplinary board be supported by some evidence in the record.

Superintendent v. Hill, 472 U.S. 445, 454 (1985).

The Supreme Court has never extended the "some evidence" requirement identified above to prisoner disciplinary proceedings which did not result in an increased period of incarceration. Furthermore, the Court has specifically held it is not applicable with respect to parole proceedings. Swarthout v. Cooke, 131 S. Ct. 859, 862-63 (2011). Any finding by this court that petitioner is entitled to a review of the evidence presented at disciplinary proceedings which did not directly affect the length of petitioner's sentence would be a clear departure from Swarthout; it would not make much sense if the court were to find that the court can review the evidence presented at prisoner disciplinary proceedings simply because the findings could be used against the petitioner at a parole hearing when the evidence presented at the parole hearing can not be reviewed. Finally, the court notes that in Sandin v. Connor, 515 U.S. 472, 484 (1995),

4

the Supreme Court found in a 42 U.S.C. § 1983 action that prisoners are entitled to some protection under the Due Process Clause from conditions of confinement amounting to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Petitioner fails to point to anything indicating that disciplinary finding at issue resulted in petitioner suffering "atypical and significant hardship." The Court also found that the possibility that a disciplinary finding might be used against the plaintiff at parole proceedings was not a sufficient liberty interest to require due process protection. Id. at 487. The Court noted that in Hawaii, as in California, a disciplinary finding is only one of many things that can be considered at a parole hearing, therefore "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke procedural guarantees of the Due Process Clause." Id.

For all of the foregoing reasons, the court will recommend that respondent's motion to dismiss be granted and that this case be closed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Dkt. No. 10) be granted;

2. Petitioner's application for writ of habeas corpus be dismissed; and

3. This case is closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 31, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

[1] nguy1357.157