IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN NGUYEN,

     Petitioner,                No. 2:12-cv-1357 LKK CKD P

     vs.

RICK HILL,                      <u>O R D E R</u>

     Respondent.

_____/

     Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On October 31, 2012, the magistrate judge filed Findings and Recommendations ("F+R") (ECF No. 13), which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has filed objections to the findings and recommendations.

1    In accordance with the provisions of 28 U.S.C.
2  § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de</u>
3  <u>novo</u> review of this case.  Having carefully reviewed the entire
4  file, the court agrees with the Magistrate Judge that the Petition
5  must be dismissed, but solely for the reasons set forth below.  The
6  court otherwise declines to adopt the Findings and Recommendations.

7    Petitioner may seek a writ of habeas corpus "only on the
8  ground that he is in custody in violation of the Constitution or
9  laws or treaties of the United States."  28 U.S.C. § 2254(a);
10 <u>Swarthout v. Cooke</u>, 562 U.S. ___, 131 S. Ct. 859, 861 (2011).
11 Here, Petitioner alleges that his incarceration will be increased
12 as the result of disciplinary charges and findings that are not
13 supported by "some evidence," in violation of his Due Process
14 rights.  Petition at 8 ¶ 13(c)(3); Objections at 6 & 8.  Plaintiff
15 asserts that the disciplinary findings will increase the amount of
16 time he spends in custody, since they can be used against him at
17 his next parole hearing.  Objections at 6.  Plaintiff asserts that
18 this is what happened to him at his last parole hearing.
19 Objections at 15.

20   On April 20, 2010, a prison Senior Hearing Officer ("SHO")
21 conducted a disciplinary hearing on the charge that Petitioner had
22 engaged in conduct which might lead to violence or disorder in
23 violation of prison regulations.  Petitioner's Opposition to Motion
24 To Dismiss ("Opposition") (ECF No. 11) at 23-29.  The regulation at
25 issue – Cal. Code Regs. tit. 15, § 3005(a) – requires inmates to
26 "refrain from behavior which might lead to violence or disorder."

2

1   <u>See</u> Opposition at 23 ("Violated Rule No(s). C.C.R. 3005(a)").

2   After the hearing, the SHO found Petitioner "Guilty," on the

3   grounds that "arguing loudly" with another inmate "to the point

4   that other inmates feel compelled to separate them is behavior that

5   could lead to violence."  Opposition at 28-29.[1]

6        Petitioner asserts that there is an absence of "some evidence"

7   in the record in support of the disciplinary finding, and that he

8   was therefore denied his due process rights. Objections at 13-21.

9   However, the record upon which plaintiff relies plainly shows that

10  there <u>was</u> "some evidence" in support of the SHO's findings.

11  Accordingly, even if the "some evidence" standard applies, and even

12  if the disciplinary findings would "likely" increase his

13  incarceration – two matters this court does not decide – the

14  Petition must be dismissed.[2]

15  _____

16       [1] As a consequence, Petitioner was placed in "Privilege
Group 'C' for 30 days." Opposition at 29.  This classification

17  restricted or eliminated: family visits, "canteen draw,"
telephone calls, yard access and personal property packages.  <u>See</u>

18  Cal. Code Regs. tit. 15, § 3044(f)(2).

19       [2] Accordingly, court does not address legal issues raised by
this case and by the Findings and Recommendations: (1) whether

20  <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989) (habeas
corpus jurisdiction exists "when a petitioner seeks expungement

21  of a disciplinary finding from his record if expungement is
likely to accelerate the prisoner's eligibility for parole"), was

22  "implicitly overruled" by <u>Skinner v. Switzer</u>, 562 U.S. ___, 131
S. Ct. 1289 (2011), and <u>Spencer v. Kemna</u>, 523 U.S. 1 (1998), <u>see</u>

23  F+R at 3 n.3; (2) whether, even assuming <u>Bostic</u> is good law,
Petitioner could possibly show that the disciplinary findings

24  would "likely" increase his incarceration by decreasing his
chance of parole; (3) whether <u>Swarthout</u> precludes the use of the

25  "some evidence" standard of <u>Superintendent v. Hill</u>, 472 U.S. 445
(1985) (prison disciplinary decision must be supported by "some

26  evidence"), where, as here, Petitioner has not lost "good time"
credits, <u>see</u> F+R at 4; and (4) whether under <u>Sandin v. Conner</u>,

First, the SHO relied upon a Rules Violation Report ("RVR") written by Lieutenant A. Alanis after the incident which led to the charge against Petitioner.  Objections at 28 ("Findings").  The report states that Petitioner was escorted to Alanis's office and interviewed.  According to the report:

> You [Petitioner] stated that you were arguing with inmate FLAUTA over your work site job duties.  You continued to state that the argument escalated and you began pushing and shoving inmate FLAUTA and were subsequently stopped by other inmates ....  At the completion of the interview you signed a CDC 1286 (compatibility chrono) which states in part that you were involved in a physical altercation with inmate FLAUTA.

Objections at 23.  Alanis, the author of this report, was present at the April 20th hearing, by telephone, and was available to be cross-examined about the report by Petitioner, who did so.[3]

Second, Petitioner requested that six inmates participate as witnesses at the hearing, all of whom subsequently gave statements under questioning at the hearing.  Opposition at 24, 26-28.  The SHO relied upon the statements of five percipient witnesses, three of whom were inmates that Petitioner had called (Lieutenant Alanis, Prison Industries Supervisor Snoozy, and inmates Crowley, Goodwin and Rosas).  Opposition at 28-29.  The statements of the other

---

515 U.S. 472 (1995), the petition may only be granted if Petitioner shows that the disciplinary findings subject him to "atypical and significant hardship," see F+R at 4-5.

[3] However, Petitioner asked Alanis only whether Petitioner had been coerced into signing the "compatibility chrono." Petitioner did not examine Alanis about the substantive assertions that Petitioner had engaged in an escalating argument with Flauta and was "pushing and shoving inmate FLAUTA."

1   witnesses at the hearing (Prison Industries Supervisor Chan, and
2   inmates Harris, Whipple and Flauta), did not produce evidence for
3   or against Petitioner, and the SHO did not rely upon their
4   statements.  Id.

5        Under questioning, Snoozy stated that he heard "what sounded
6   like someone arguing and scuffling," at which point he "sounded the
7   alarm."  Opposition at 25.  When Snoozy turned to see what was
8   happening, he saw that Petitioner and another inmate (Flauta) were
9   "being separated."  Id.  Other percipient witnesses stated under
10  questioning that they "saw an elevated rise of tension between
11  inmates FLAUTA and NGUYEN," that they heard "them bitching at each
12  other," and that the two had to be separated after "inmate NGUYEN
13  got upset."  Opposition at 26 & 27.

14       The SHO's conclusion was that:

15       inmates are not charged with fighting.  Rather, they
         are charged with "BEHAVIOR THAT COULD LEAD TO
16       VIOLENCE."  The two inmates, inmates NGUYEN and FLAUTA
         had a disagreement and began arguing loudly.  The SHO
17       determines that arguing to the point that other inmates
         feel compelled to separate them is behavior which could
18       lead to violence.

19  Objections at 29.  There is "some evidence" in the record in
20  support of this conclusion.

21       Petitioner's other objections are not well taken.  First,
22  Petitioner objects to the use of hearsay evidence of what Snoozy
23  told Alanis.  Objections at 9.  However, even if hearsay were
24  inadmissible in this proceeding,[4] both Alanis and Snoozy were

25  _____

26       [4] The court notes that even the hearsay included in this
    hearing is not the "uncorroborated hearsay" condemned in Cato v.

                              5

1   available at the hearing to be examined about Snoozy's statement.

2   See Opposition at 24-25.   In any event, the SHO relies on the

3   statements of other percipient witnesses, as discussed above, in

4   addition to the Alanis report.   See Opposition at 28-29.   Thus,

5   even if the Snoozy statement in the Alanis report is excluded,

6   there was still "some evidence" to support the SHO's conclusion.

7        Second, Petitioner objects that the other inmate involved in

8   the incident (Flauta), was found "Not Guilty" of the same rules

9   violation.   Objections at 10-11.   Plaintiff does not offer any

10  explanation for why this evidences an unconstitutional deprivation

11  of his own Due Process rights, and the court is aware of none.

12       Third, Petitioner objects to the use of Alanis's report

13  because Petitioner was coerced into signing it by the threat of

14  being placed into administrative segregation if he did not sign.

15  Objections at 11.   However, even if the entire Alanis report were

16  excluded as coerced, the statements of other percipient witnesses,

17  including Snoozy, who were subject to examination by Petitioner,

18  provide "some evidence" that supports the SHO's conclusion.[5]

19            Accordingly, IT IS HEREBY ORDERED that:

20            1.   Respondent's motion to dismiss (Dkt. No. 10) is

21  granted;

22  _____

23  Rushen, 824 F.2d 703 (9th Cir. 1987), nor is it the "only
    evidence" relied upon.
24

25       [5] Since there is no shown defect in Petitioner's
    disciplinary hearing, there is no need to consider his claim that
26  the hearing results could be used against him in his next parole
    hearing.

          2.   Petitioner's application for a writ of habeas
corpus is dismissed;

          3.   This case is closed; and

          4.   The court declines to issue the certificate of
appealability referenced in 28 U.S.C. § 2253.

     IT IS SO ORDERED.

     DATED: May 22, 2013.


                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT